The Honorable James Norton State Representative 3132 Bolin Hill Road Harrison, Arkansas 72601
Dear Representative Norton:
I am writing in response to your request for an opinion on the following:
 On February 1st, Governor Huckabee issued Executive Order [("EO")] 05-04 directing state agencies and departments to conduct an economic impact analysis before adopting any rule or regulations that affects [sic] small businesses.
 This is a request from your office for a definitive opinion on the extent and scope of EO 05-04. Also, what state and federal laws are applicable to economic impact analysis?
RESPONSE
With respect to your first question, as I recently opined, the extent and scope of EO 05-04 is to require every agency as defined in the EO to complete an economic impact analysis with respect to small businesses for all rules and regulations promulgated under A.C.A. § 25-15-204 (Supp. 2003) after the effective date of the EO. With respect to your second question, I am unable to offer an opinion because of the vague and imprecise nature of your inquiry.
I have recently addressed the extent and scope of EO 05-04 in Op. Att'y Gen. 2005-079. I opined that the extent and scope of EO 05-04 were delineated clearly in the executive order itself and that EO 05-04 requires "an agency, as defined by EO 05-04, to complete an analysis of the economic impact on small business and feasible alternatives prior to promulgating a rule or regulation in accordance with A.C.A. § 25-15-204
(Supp. 2003)." Op. Att'y Gen. 2005-079. I have enclosed a copy of Op. Att'y Gen. 2005-079 for your convenience.
I cannot offer an opinion on your second question because of the vague nature of your inquiry. Questions of federal law are generally not within the scope of an opinion from this office. See Op. Att'y Gen. 2004-295, fn. 1. You may wish to contact the U.S. Attorney's office in this regard. The U.S. Attorney's office for the Western District of Arkansas may be contacted at (479) 783-5125 or at 414 Parker Street, Fort Smith, AR 72901.
While the Arkansas Code contains several references to economic impact analyses, they do not specify the manner in which such analyses are to be taken. For example, if a municipality acquires a utility company, the municipality must submit an economic impact analysis with its application to do so. A.C.A. § 14-206-104 (Repl. 1998). The Arkansas Science and Technology Authority is authorized to invest in securities if, among other requirements, the enterprise issuing the securities has submitted an economic impact analysis. A.C.A. § 15-3-122 (Repl. 2000). Additionally, the Arkansas Department of Environmental quality is charged in five different places with undertaking an analysis during promulgation of the economic impact and environmental benefits of certain regulations. See A.C.A. §§ 8-1-203, 8-4-201, 8-4-311, 8-6-207, and8-7-209. As I noted in Op. Att'y Gen. 2005-079, this is a separate analysis than the analysis required under EO 05-04. Furthermore, my research has not revealed any statutes regarding the execution of such analyses. If you have a more specific question regarding the analysis of state law with regard to an economic impact statement under EO 05-04, I would be glad to respond to such a request.
Assistant Attorney General Joel DiPippa prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:JMD/cyh